IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TITO T. DAVIS, #250 373 | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-840-TMH |
| | | (WO) |
| LEPOSY DANIELS, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Plaintiff, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action on October 15, 2008 against Warden Leposy Daniels, Commissioner Richard Allen, Associate Commissioner James DeLoach, Dr. Thompkins, and Kathy Holt.  Davis complains that Defendants have breached an agreement regarding the terms of a rehabilitative prison program called Re-Entry.  Specifically, Davis alleges that prison officials are erroneously leading inmates to believe that successful completion of the program will result in their release.  Although he completed the program, Davis complains that he was turned down for release and maintains that the only inmates who are released after completing the program are those who have completed their sentence.  The Plaintiff requests that the terms of the agreement be honored.  Upon review of the complaint, the court concludes that dismissal of

this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## I. DISCUSSION

The Plaintiff's contention that Defendants have breached an agreement to release him from prison following his successful completion of the Re-Entry program entitles him to no relief. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." Thus, the Constitution is implicated only if a person is deprived of an interest which is in some way protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472 (1995). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corretional Complex*, 442 U.S. 1, 7 (1979).

In this case, the Plaintiff's argument that Defendants breached an agreement to release him prior to expiration of a validly imposed sentence is subject to dismissal because he has not alleged a violation of constitutional magnitude. He has no due process liberty interest in early release whether or not he completes favorable prison programs. *See, e.g., Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998). More generally, inmates do not have a federal constitutional right to participate in rehabilitative prison programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (federal prisoners have no due process right to

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

eligibility for rehabilitative programs); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (no protectible liberty or property interest in attending rehabilitation program). Because Plaintiff does not possess a liberty interest in his early release, his contention that Defendants breached an agreement allegedly promising such entitles him to no relief from this court on his constitutional claim. *See Neitzke v. Williams*, 490 U.S. 319 (1989). *See also Medical Laundry Services v. Bd. of Trustees of Univ. of Alabama*, 906 F.2d 571, 573 (11th Cir. 1990) (A simple breach of contract does not rise to the level of a constitutional deprivation).

The Plaintiff's complaint, of course, can be construed as raising a simple breach of contract claim under state law. Under 28 U.S.C. § 1367(c)(3), the court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction . . ." Having concluded that the Plaintiff's federal claims lack merit, the court declines to exercise jurisdiction over the state law claims which will be dismissed without prejudice.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Plaintiff's federal claims be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i); that the Plaintiff's state law claims be DISMISSED without prejudice; and that this case be DISMISSED.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or


before **December 23, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this 10TH day of December, 2008.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE